By the Court.—Monell, J.
This appeal presents the novel question whether an order allowing a com *312 mission for the examination of foreign witnesses can be issued after trial and judgment in the action.
There was no common law right to take the deposition of a witness out of the State to be read at the trial. Parties in civil actions had the right to have the ¡witnesses give their testimony in the view and presence of the court and jury.
But it is provided by statute that the court may award a commission to examine a foreign witness upon interrogatories (2 Rev. Stat. 393), with a further provision, that the examination and depositions taken, may be used in evidence on the trial of the cause.
It would seem to be the only construction of the statute, that the commission should issue "before the trial, inasmuch as the evidence taken can be used only at the trial; and that undoubtedly is the correct construction.
The respondent’s counsel suggested two reasons in support of the order. One was, that the word “pend-, ing ’ ’ in section 12 of the act, having been interpreted to extend to the final determination of the action, this action, although tried and now in judgment, is to be regarded asa “pending” action. But section 12 provides merely that if the action is pending in the supreme court, application for a commission must be made as therein prescribed, and in no way extends the time for its issuing.
The other reason was, that the order was proper for the purpose of preserving evidence, which the party' might lose by the death or absence of witnesses, in the event of a reversal of the judgment and the ordering of a new trial.
Even if this was a sound reason, it would necessarily involve the pre-determination of questions which were not, and properly could not have been before the special term. The case or exceptions upon which the defendants are moving for a new trial, were no part of *313 the motion papers, and the learned justice could not, therefore, have determined that there was error so clear, that there could not be a reasonable doubt of a reversal of the judgment.
And such a determination was absolutely necessary to form a plausible pretext for the order.
If there was not to be a new trial, then the evidence could never be used, and it was a work of supererogation to take it. If a new trial was doubtful, the doubt should have weighed against the order.
But there was nothing before the special term, and there is nothing before us now, from which it can be seen that there must inevitably be a new trial. And unless that can be seen, then in no aspect was the order proper/ Every presumption is in favor of the correctness of the judgment. We must, therefore, assume that there was no error committed at the trial, and that the judgment will stand.
’ The statute for causing testimony to be perpetuated, does not cover the evidence in that case. That statute applies to witnesses within the- State, and cannot be extended so as to authorize the examination of foreign witnesses.
The order appealed from is reversed, with costs.